**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARBELLA HERNANDEZ PERAL, | No. 08-70439 |
| Petitioner, | Agency No. A097-358-701 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2010[**]

Before:      B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Marabella Hernandez Peral, a native and citizen of Mexico, petitions for

review from the Board of Immigration Appeals' ("BIA") order denying her motion

to remand.  We have jurisdiction pursuant to 8 U.S.C. § 1252.  We review for

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to remand, *Movsisian v. Ashcroft*, 395

F.3d 1095, 1098 (9th Cir. 2005), and we deny the petition for review.

The BIA did not abuse its discretion in denying Hernandez Peral's motion to

remand because she failed to establish prejudice from her former counsel's

representation as she is statutorily ineligible for cancellation of removal. *See*

*Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (to prevail on an

ineffective assistance of counsel claim a petitioner must demonstrate prejudice).

Hernandez Peral's contention that service of the facially valid notice to appear on

November 23, 2003, did not terminate her accrual of physical presence time is

unpersuasive. *See* 8 U.S.C. § 1229b(b)(1)(A), (d)(1)(A); *Garcia-Ramirez v.*

*Gonzales*, 423 F.3d 935, 937 n.3 (9th Cir. 2005) (per curiam) (accrual of physical

presence time ends when removal proceedings are commenced through service of a

notice to appear).

In light of our disposition, we need not address Hernandez Peral's remaining

contention.

**PETITION FOR REVIEW DENIED.**